MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
6140 Stonebridge Mall Road, #250
Pleasanton, CA 94588
PH: (925) 621-1901

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

ROLANDO T. RUBIO

Debtor,

_____/

CHAPTER 13

CASE NO. 13-42004 WJL13

**CHAPTER 13 STANDING TRUSTEE'S MOTION TO DISMISS WITH 12 MONTH BAR**

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) requesting that this case be dismissed pursuant to Section 1307 (c) of the Bankruptcy Code based on the bad faith of the debtor in the commencement of this case. The Trustee further requests that the debtor be barred from filing any case under the Bankruptcy Code for a period of **12 months** from the date of the dismissal order.

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

1

**FACTS**

Rolando T. Rubio ("Debtor") filed this Chapter 13 case on April 4, 2013. Debtor is not represented by an attorney. This is Debtor's second (2rd) bankruptcy filed within the past year and sixth (6th) since 2010.

Debtor has filed one (1) prior case within the past year and five (5) since 2010 as follows:

Case number 10-44708 EDJ 13 filed April 26, 2010. Debtor was represented by Carlo O. Reyes. The case was dismissed upon Debtor's failure to file missing required documents. Among other missing documents, Debtor failed to file the Balance of Schedules, Statement of Financial Affairs (SOFA), Chapter 13 Means Test, and Chapter 13 Plan. The Court entered an order of dismissal on May 12, 2010. (Doc. #10).

Case number 10-48523 RLE filed on July 28, 2010. Debtor was again represented by Carlo O. Reyes. The case was dismissed upon Debtor's failure to file required documents. Among other missing documents, Debtor failed to file the Balance of Schedules, Statement of Financial Affairs (SOFA), Means Test, and Plan. The Court entered an order of dismissal on August 16, 2010. (Doc. #9).

Case number 10-49927 filed August 3, 2010. This case was a Chapter 7 and the Debtor received a Discharge on March 8, 2011.

Case number 11-43735 WJL filed April 5, 2011. Debtor was represented by Carlo O. Reyes. The case was dismissed upon Debtor's failure to file required documents. Among other documents, Debtor failed to timely file the Balance of Schedules, SOFA, Means Test, and Plan. The Court entered an order of dismissal on April 22, 2011 (Doc. #10).

Case number 12-49852 RLE filed December 14, 2012.  The Debtor was not represented by an attorney.  The case was dismissed upon Debtor's failure to file required documents.  The documents Debtor failed to timely file included the Balance of Schedules, SOFA, Means Test and Plan.  The Court entered an order of dismissal on January 3, 2013.  (Doc. 11).

The instant case is the Debtor's second bankruptcy case filed within the past year and sixth (6th) since 2010.  Required documents have not been filed, including the Certificate of Credit Counseling.

**ARGUMENT**

**DISMISSAL OF THIS CASE IS WARRANTED UNDER SECTION 1307 OF THE BANKRUPTCY CODE**

11 U.S.C. Section 1307 subsection c provides "that on request of a party in interest . . . and after notice and hearing, the court may convert a case under this chapter to case under chapter 7, or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause. . ."

The Ninth Circuit Court of Appeals established the standard of bad faith as "cause" to dismiss a Chapter 13 case with prejudice. *In re Leavitt,* 171 F.3d 1219(9th Cir. 1999).  The Ninth Circuit found that the phrase "unless the court, for cause, orders otherwise," in Section 349 (a) gives the Bankruptcy Court authority to dismiss cases with prejudice. *In re Leavitt,* at 1223.  The court went on to outline the "totality of the circumstances" test that should be used in determining bad faith as cause for the dismissal of a Chapter 13 case. The Bankruptcy Court should consider the following factors:

(1)     whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy

3

|   |   |   |
|---|---|---|
| | | Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner; |
| | *(2)* | *"the debtor's history of filings and dismissals,"* |
| | (3) | whether the "debtor only intended to defeat state court litigation," |
| | (4) | whether egregious behavior is present; |

*In re Leavitt,* at 1224.

Debtor has certainly unfairly manipulated the Bankruptcy Code by filing two (2) cases within the past year and six (6) since 2010. Debtor has demonstrated a pattern of disregard for Court orders, lack of good faith in successive filings, and abuse of the Bankruptcy Code. As in the past, Debtor has also yet to file any of the required documents. The Court and the Trustee have repeatedly spent considerable time and resources in administering Debtor's multiple cases. Without the necessary documents the Trustee is unable to discharge her duties relating to the investigation of the financial affairs of debtors as required by the Bankruptcy Code. Debtor should not be able to continuously abuse the Bankruptcy Code through repeated multiple filings.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court issue an order dismissing Debtor's Chapter 13 case. The Trustee also requests that the Debtor be barred from any future bankruptcy filing without prior Court Order for **12** months from the date of any Order of Dismissal in this case.

///
///
///

4

Further the Trustee requests that any filing in violation of the dismissal order be deemed null and void and subject to dismissal without notice to the Debtor.

RESPECTFULLY SUBMITTED:

Dated: April 18, 2013        /s/Martha G. Bronitsky 5909
                             Signature of Martha G. Bronitsky
                             Chapter 13 Standing Trustee